# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

December 16, 2009

Charles R. Fulbruge III
Clerk

No. 09-30357
Summary Calendar

DARRYL D PARKER,

Plaintiff-Appellant

v.

THOMAS J BUTLER; A F ARMOND, JR.; SONNY ARMOND, JR.,

Defendants-Appellees

DARRYL D PARKER,

Plaintiff-Appellant

v.

JEFFERSON PARISH DISTRICT ATTORNEY'S OFFICE,

Defendant-Appellee

Appeals from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:08-CV-4422
USDC No. 2:08-CV-4419

Before DAVIS, SMITH and DENNIS, Circuit Judges.

PER CURIAM:[*]

Darryl D. Parker, Louisiana prisoner # 300414, has filed a motion for leave to proceed in forma pauperis (IFP) on appeal from the district court's dismissal of his consolidated 42 U.S.C. § 1983 complaints. The district court dismissed Parker's § 1983 claims pursuant to 28 U.S.C. § 1915(e)(2)(B)(i), reasoning that Parker's claims against an assistant district attorney failed due to absolute prosecutorial immunity, Parker failed to allege that his defense counsel acted under the color of state law, and Parker's § 1983 claims were barred by *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). For the same reasons, the district court denied Parker's motion to appeal IFP and certified that Parker's appeal was not taken in good faith. By moving for leave to proceed IFP, Parker is challenging the district court's certification decision. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997).

Parker's motion contains no argument challenging any of the grounds of the district court's certification decision. Although pro se briefs are liberally construed, even pro se litigants must brief arguments in order to preserve them. *Yohey v. Collins*, 985 F.2d 222, 225 (5th Cir. 1993). Parker has not shown that the district court's certification was incorrect, and his motion for leave to proceed IFP is denied. *See Howard v. King*, 707 F.2d 215, 219-20 (5th Cir. 1983). The instant appeal is without arguable merit and is dismissed as frivolous. *See Baugh*, 117 F.3d at 202 n.24; *Howard*, 707 F.2d at 219-20; 5TH CIR. R. 42.2.

Parker is cautioned that the dismissal of his § 1983 suit by the district court pursuant to § 1915(e)(2)(B)(i) and our dismissal of this appeal as frivolous both count as strikes under § 1915(g). *See Adepegba v. Hammons*, 103 F.3d 383, 385-87 (5th Cir. 1996). Parker is also cautioned that if he accumulates three

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

strikes under § 1915(g), he may not proceed IFP in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. *See* § 1915(g).

MOTION DENIED; APPEAL DISMISSED; SANCTION WARNING ISSUED.